UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61162-BLOOM/Valle

PATRICIA KENNEDY,

    Plaintiff,

v.

BHANUBEN G. PATEL d/b/a WESTERN MOTEL,

    Defendant.

_____/

## ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Patricia Kennedy's ("Plaintiff") Motion for Entry of Judgment After Default and Verified Application for Attorney Fees, Costs, Expert Fees and Litigation Expenses, ECF No. [13] (the "Motion"). The Court is fully advised after careful review of the Motion, the record, and the applicable law. For the reasons that follow, Plaintiff's Motion is granted as to the request for Default Judgment. Plaintiff's application for attorneys' fees and costs is referred to Magistrate Judge Alicia O. Valle for a Report and Recommendations.

On May 8, 2019, Plaintiff filed the instant action for injunctive relief pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, against Defendant Bhanuben G. Patel ("Defendant") as lessee or operator of the subject property, Western Motel located at 1207 South Second Street, Folkston, Georgia. ECF No. [1] (the "Complaint"). Service of the summons and Complaint was executed on June 3, 2019. ECF No. [8]. On June 28, 2019, the Clerk entered default against Defendant. ECF No. [10]. Plaintiff filed the instant Motion on July 12, 2019. ECF No. [14].

If a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. *See* Fed. R. Civ. P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. *See* Fed. R. Civ. P. 55(b). By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although facts are admitted as true, conclusions of law are not; a sufficient basis to state a claim must still exist in the pleadings before a court may enter a default judgment. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))

A plaintiff alleging Title III ADA discrimination must allege that (1) he is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. 42 U.S.C. § 12182(a). Here, Plaintiff alleges that he suffers from a qualified disability and requires the use of assistive devices for mobility. ECF No. [1] at ¶ 1. Plaintiff alleges that Defendant is the lessee or operator of Western Motel located at 1207 South Second Street, Folkston, GA, which is a place of public accommodation. *Id.* at ¶ 3. Plaintiff alleges that Defendant, in violation of 42 U.S.C. §12181 *et seq.*, and 28 CFR 36.302 *et. seq.*, is discriminating against the Plaintiff due to violations related to its online reservation system on website that it operates, controls, or maintains. ECF No. [1] at ¶ 8. Furthermore, Plaintiff intends to revisit Defendant's websites and/or online reservation system in the near-future. *Id.* at ¶ 10. Due to Defendant's failure to rectify the violations, Plaintiff continues to suffer from discrimination and injury. *Id.* at ¶¶ 11, 12.

Pursuant to these allegations, Plaintiff has clearly stated a claim for relief under the ADA, entitling her to corresponding injunctive relief. *See Nolamas v. Seahorse NB, LLC*, 444 F. App'x

Case No. 19-cv-61162-BLOOM/Valle

412, 416 (11th Cir. 2011) (citing 42 U.S.C. 12182(a)) ("To state a claim under the ADA a plaintiff must allege (1) she is an individual with a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA."). Following Defendant's default, Plaintiff has proved each element of a Title III claim and is entitled to the injunctive relief sought.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Motion, **ECF No. [13]**, is **GRANTED** as to Plaintiff's request for Default Judgment;
2. Pursuant to Fed. R. Civ. P. 58, the Court will separately enter Default Final Judgment.
3. Pursuant to 28 U.S.C. § 636 and Local Magistrate Judge Rule 1, Plaintiff's application for attorneys' fees and costs to is **REFERRED** to Magistrate Judge Alicia O. Valle for a Report and Recommendations.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 17, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Bhanuben G. Patel d/b/a Western Motel
1207 South Second Street
Folkston, GA 31537