# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61162-BLOOM/Valle

PATRICIA KENNEDY,

    Plaintiff,

v.

BHANUBEN G. PATEL d/b/a WESTERN MOTEL,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Set Aside Final Judgment, Allow Amendment to Complaint to Include the Proper Party Defendant, and to Dismiss Defendant Bhanuben G. Patel Without Prejudice, ECF No. [18] ("Motion"). Plaintiff Patricia Kennedy ("Plaintiff") filed this action against Defendant Bhanuben G. Patel ("Defendant") on May 8, 2019, pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (the "ADA"). ECF No. [1] ("Complaint"). When Defendant failed to file a timely answer or respond to Plaintiff's Complaint, Plaintiff moved for entry of a Clerk's default, ECF No. [9], which was entered on June 28, 2019, ECF No. [10]. On July 17, 2019, the Court entered a Default Final Judgment against Defendant. ECF No. [17]. Plaintiff's Motion now seeks to vacate the Default Final Judgment, re-open this case, dismiss Defendant without prejudice, and file an amended complaint naming the correct defendant. ECF No. [18]. For the reasons explained below, Plaintiff's Motion is granted in part and denied in part.

Pursuant to Rule 60, the Court may grant relief from a judgment or order based upon "mistake, inadvertence, surprise, or excusable neglect." *See* Fed. R. Civ. P. 60(b)(1). "By its very

nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir.1981)[1] (quoting *Bankers Mortg. Co. v. United States,* 423 F.2d 73, 77 (5th Cir.1970)). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007).

In the instant Motion, Plaintiff states that, subsequent to the entry of Default Final Judgment, she learned that the county records indicated incorrect information as to the owner of the property at issue in this action. ECF No. [18] at 2. These county records have since been corrected to reflect that Gayatri Corporation ("Gayatri") — not the named Defendant — owns the allegedly noncompliant property. *Id.* Plaintiff now seeks to relieve Defendant from the Default Final Judgment under Rule 60(b)(1), based on this mistake regarding the correct property owner. Fed. R. Civ. P. 60(b)(1). Accordingly, Plaintiff moves to vacate the Default Final Judgment, re-open this case, dismiss the improperly named Defendant without prejudice, and amend her Complaint to reflect Gayatri as the proper defendant. *Id.*

Upon review, the Court finds that the circumstances here warrant vacating the Default Final Judgment against Defendant, pursuant to Rule 60(b)(1), and dismissing the case against Defendant without prejudice. However, the Court denies Plaintiff's request to re-open the case and amend her Complaint to name the proper defendant under Rule 15(a)(2). In her Complaint, Plaintiff represented in good faith that Defendant owned the property at issue. ECF No. [1]. To the extent

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent former Fifth Circuit decisions handed down prior to September 30, 1981.

that this representation is now understood to be incorrect, Plaintiff may file a new action against Gayatri.[2]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [18]**, is **GRANTED IN PART AND DENIED IN PART**.

2. The Default Final Judgment, **ECF No. [17]**, is **VACATED**.

3. The above-styled case against Defendant Bhanuben G. Patel is **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff's request to re-open the case and file an amended complaint naming the proper defendant is **DENIED**.

5. Plaintiff's Motion for Attorney Fees, **ECF No. [13]**, is denied as **MOOT**.

6. To the extent not otherwise disposed of, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 6, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[2] Further buttressing this conclusion, in its Default Final Judgment, the Court retained jurisdiction only "to award attorneys' fees and costs and to enforce this Final Default Judgment." ECF No. [17] at 2.